The Honorable Tiffany M. Cartwright

FILED ___ LODGED
___ RECEIVED
OCT 23 2025
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON JAMES QUINN,<br><br>Defendant. | NO. CR25-5167-TMC<br><br>**PLEA AGREEMENT** |

The United States, through Acting United States Attorney Charles Neil Floyd and Special Assistant United States Attorney Ajay Ravindran of the Western District of Washington and Defendant Aaron James Quinn, and the Defendant's attorney Corey Endo enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment:

    a. *Assault of a Federal Officer*, as charged in Count 1, in violation of Title 18, United States Code, Section 111(a) and (b).

Plea Agreement - 1
United States v. Quinn, CR25-5167-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        b.    *Assault of a Federal Officer*, as charged in Count 2, in violation of violation of Title 18, United States Code, Section 111(a) and (b).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.    **Elements of the Offenses**. The elements of *Assault of a Federal Officer*, the offense, to which Defendant is pleading guilty, are as follows:

        a.    The Defendant forcibly assaulted a federal officer or employee;

        b.    The Defendant did so while the federal officer or employee was engaged in, or on account of, his official duties; and

        c.    The Defendant used a deadly or dangerous weapon or inflicted bodily injury.

3.    **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

        a.    For the offense of Assault of a Federal Officer, as charged in Count 1 and Count 2: A maximum term of imprisonment of up to 20 years, a fine of up to $250,000.00, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 2
*United States v. Quinn*, CR25-5167-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States, or may have consequences with respect to citizenship status if Defendant is a naturalized citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. In some instances, a criminal conviction may be grounds for revocation of naturalized citizenship status. Removal, de-naturalization, and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration or naturalized citizenship status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's removal from the United States or loss of naturalized citizenship.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5.  **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a.  The right to plead not guilty and to persist in a plea of not guilty;

   b.  The right to a speedy and public trial before a jury of Defendant's peers;

   c.  The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d.  The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e.  The right to confront and cross-examine witnesses against Defendant at trial;

   f.  The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g.  The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h.  The right to appeal a finding of guilt or any pretrial rulings.

6.  **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds

Plea Agreement - 4
United States v. Quinn, CR25-5167-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts.** The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense:

    a. On April 4, 2025, a team of Deputy U.S. Marshals and U.S. Marshal Task Force Officers located the Defendant parked alone in a white Dodge Ram in a grocery store parking lot in Gig Harbor, WA, within the Western District of Washington. The Defendant was wanted on a Snohomish County felony arrest warrant related to offenses for which he is currently pending prosecution.

    b. To apprehend the Defendant, the Marshals team executed a pin maneuver wherein 4 of their vehicles, all of which were government-issued and equipped with lights and sirens, surrounded the Defendant's truck on all sides. With the Defendant surrounded, law enforcement wearing marked body armor,

Plea Agreement - 5
*United States v. Quinn*, CR25-5167-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

many of whom had weapons drawn, began to surround the Defendant and shout commands at him put his hands up, to turn off his engine and exit the vehicle.

c. While the Defendant's vehicle initially remained immobile, he quickly began ramming into the pinning vehicles, accelerating and reversing repeatedly to create space. As he continued to ram the surrounding vehicles, the Defendant eventually created several feet of space between his vehicle and the rear pinning vehicle, driven by Victim 1, a federal officer, whose vehicle was initially bumper-to-bumper with Defendant's. The Defendant then rapidly reversed his truck into the front passenger side door of Victim 1's truck, with Victim 1 inside, causing it to shudder and move significantly. *Victim* [handwritten: AM AG ADV]

d. As a result of this collision, ~~Vehicle~~ *Victim* 1 was forced to remove his vehicle from the situation so that another vehicle could attempt to contain the Defendant's truck. Victim 2, a federal officer, moved his truck forward to replace Victim 1. As Victim 2 replaced Victim 1, the Defendant again moved his truck forward, creating several feet of space between his truck and Victim 1. The Defendant then rapidly reversed his truck into the front of Victim 2's truck, with Victim 2 inside, causing the truck to buckle backward and a clearly visible shock and reverberation throughout the entirety of the truck. On impact, Victim 2, felt a jarring whiplash-like feeling in which his head lurched forward before colliding with the back of the headrest. Victim 2 felt physical pain from this collision.

e. Eventually, the Defendant was able to escape from the Marshals containment and fled along public roads for a short time before crashing the truck in a relatively shallow ditch. The Defendant then attempted to cross a nearby stream on foot and was apprehended and arrested by the Marshal team shortly thereafter. The Defendant's actions caused significant damage to several government vehicles.

f. Defendant admits that he knowingly, intentionally, and forcibly assaulted Victim 1 by reversing into Victim 1's vehicle. Defendant further admits

Plea Agreement - 6
United States v. Quinn, CR25-5167-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

that he knowingly, intentionally, and forcibly assaulted Victim 2 by reversing into Victim 2's vehicle

  g. Defendant admits that his forcible assaults of Victims 1 and 2 occurred while they were engaged in, or on account of, their official duties.

  h. Defendant admits that his forcible assaults of Victims 1 and 2: (i) involved his use a deadly or dangerous weapon (specifically, the truck he drove); and (ii) inflicted bodily injury on Victim 2.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

  9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

  a. The base offense level is 14 under USSG § 2A2.2(a);

  b. A +4 increase under USSG § 2A2.2(b)(2) because the offense involved the use of a dangerous weapon;

  c. A +2 increase under USSG § 2A2.2(b)(7) because the offense of conviction is 18 U.S.C. § 111(b);

  d. A +6 increase pursuant to USSG § 3A1.2 because the victims were government officers and the defendant committed the assaults while also committing the offense of *Attempting to Elude a Police* vehicle under R.C.W. 46.61.924.

  e. A +2 increase under USSG § 3D1.4 combined offense level grouping.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated

Plea Agreement - 7
United States v. Quinn, CR25-5167-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term no higher than the low-end of the Sentencing Guidelines Range as calculated by the Court at the time of sentencing. Defendant is free to make any recommendation permitted by law. The parties jointly agree to recommend that the sentence be imposed concurrently with any sentence imposed under Snohomish County cause numbers 24-1-00997-31, 24-1-00998-31, and 24-1-00957-31.

Defendant understands that none of these recommendations are binding on the Court and that the Court may reject the recommendations of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Snohomish County Cases**: Defendant has three pending cases before the Snohomish County Superior Court. Defendant has separate agreements with Snohomish

Plea Agreement - 8
United States v. Quinn, CR25-5167-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

County, pursuant to which Defendant agrees to plead guilty in this federal case, as well as to the following charges currently pending in Snohomish County Superior Court:

| Cause No. | Charge | Parties will jointly recommend following sentence |
|---|---|---|
| 24-1-00997-31 | **Count 1:** Possession of a controlled substance with the intent to manufacture/deliver while on community custody, R.C.W. 69.50.401. | 120 months |
| 24-1-00997-31 | **Count 2:** Attempted Robbery in the First Degree while on community custody, R.C.W. 9A.28.020. | 120 months |
| 24-1-00997-31 | **Count 3:** Assault in the Second Degree while on community custody, R.C.W. 9A.36.021. | 84 months |
| 24-1-00997-31 | **Count 4:** Unlawful Possession of a Firearm in the First Degree while on community custody, R.C.W. 9.41.040. | 116 months |
| 24-1-00997-31 | **Count 5:** Possession of a controlled substance with the intent to manufacture/deliver, R.C.W. 69.50.401. | 120 months |
| 24-1-00997-31 | **Count 6:** Possession of a controlled substance with the intent to manufacture/deliver while on community custody, R.C.W. 69.50.401. | 120 months |
| 24-1-00997-31 | **Count 7:** Burglary in the Second Degree, R.C.W. 9A.50.030. | 68 months |
| 24-1-00997-31 | **Count 8:** Theft of a Motor Vehicle, R.C.W. 9A.56.065. | 57 months |
| 24-1-00997-31 | **Count 9:** Trafficking in Stolen Property in the First Degree, R.C.W. 9A.82.050. | 84 months |
| 24-1-00998-31 | **Count 1:** Possession of a Stolen Vehicle, R.C.W. 9A.56.068. | 57 months |
| 24-1-00998-31 | **Count 2:** Possession of a Stolen Vehicle, R.C.W. 9A.56.068. | 57 months |
| 24-1-00957-31 | **Count 1:** Possession of a Stolen Vehicle while on community custody, R.C.W. 9A.56.068. | 57 months |

As part of this agreement, Snohomish County will recommend that the sentences in 24-1-00997-31, 24-1-00998-31, and 24-1-00957-31 be imposed concurrently with any sentence imposed in this federal case. Defendant understands that the United States is not a party to this agreement and that the agreement between Snohomish County and the Defendant is not a term of this Plea Agreement.

13. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offenses of conviction. Defendant is additionally

Plea Agreement - 9
United States v. Quinn, CR25-5167-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  aware that the United States will present evidence supporting an order of restitution for
2  all losses caused by all of Defendant's criminal conduct known to the United States at the
3  time of Defendant's guilty pleas including losses resulting from crimes not charged or
4  admitted by Defendant in the Statement of Facts. The losses will include but not be
5  limited to: $17,396.75 for damage caused by Defendant to a 2024 Chevrolet Silverado
6  1500 Pickup Truck, License Plate D73760D, owned by the state of Washington, as well
7  as the amounts paid to repair or replace other government vehicles damaged on April 4,
8  2025. In exchange for the promises by the United States contained in this Plea
9  Agreement, Defendant agrees that Defendant will be responsible for any order by the
10 District Court requiring the payment of restitution for such losses.

11        a.    The full amount of restitution shall be due and payable immediately
12 on entry of judgment and shall be paid as quickly as possible. If the Court finds that the
13 defendant is unable to make immediate restitution in full and sets a payment schedule as
14 contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule
15 represents a minimum payment obligation and does not preclude the U.S. Attorney's
16 Office from pursuing any other means by which to satisfy Defendant's full and
17 immediately-enforceable financial obligation, including, but not limited to, by pursuing
18 assets that come to light only after the district court finds that Defendant is unable to
19 make immediate restitution.

20        b.    Defendant agrees to disclose all assets in which Defendant has any
21 interest or over which Defendant exercises control, directly or indirectly, including those
22 held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the
23 United States' investigation identifying all property in which Defendant has an interest
24 and with the United States' lawful efforts to enforce prompt payment of the financial
25 obligations to be imposed in connection with this prosecution. Defendant's cooperation
26 obligations are: (1) before sentencing, and no more than 30 days after executing this Plea
27 Agreement, truthfully and completely executing a Financial Disclosure Statement
28 provided by the United States Attorney's Office and signed under penalty of perjury

Plea Agreement - 10
United States v. Quinn, CR25-5167-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

       c.       The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

    14.    **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

    15.    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by

Plea Agreement - 11
*United States v. Quinn*, CR25-5167-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

**Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is

Plea Agreement - 12
United States v. Quinn, CR25-5167-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence

Plea Agreement - 13
United States v. Quinn, CR25-5167-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17.   **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18.   **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

//
//
//

Plea Agreement - 14
United States v. Quinn, CR25-5167-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 23 day of October 2025.

s/ _____
AARON QUINN
Defendant

s/ _____ for
COREY ENDO
Attorney for Defendant

s/ _____
AMY JAQUETTE
Assistant United States Attorney

s/ _____
AJAY RAVINDRAN
Special Assistant United States Attorney

Plea Agreement - 15
United States v. Quinn, CR25-5167-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970